# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52274

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 31, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TIFFANY JOHNELL HEYDEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Tiffany Johnell Heyden appeals from her judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer LeFave initiated a traffic stop after observing that the registration sticker on a vehicle's rear license plate was obscured by a license plate frame. Only a thin strip of red was visible from the top of the sticker, and the month and year information were not visible. Heyden owned the vehicle but was a passenger at the time of the stop.

Following the stop, Heyden and the vehicle were searched. The searches resulted in the discovery of methamphetamine, fentanyl, and drug paraphernalia. The State charged Heyden with

1

possession of a controlled substance with the intent to deliver, possession of a controlled substance, and possession of drug paraphernalia.

Heyden filed a motion to suppress the evidence found in the vehicle and on her person, arguing the evidence was obtained in violation of her Fourth Amendment rights because Officer LeFave lacked reasonable suspicion to initiate the traffic stop. In addition to challenging the stop, Heyden argued that Idaho Code § 49-428 was unconstitutionally vague.[1] The district court held a hearing, after which it issued a written decision denying Heyden's motion to suppress. In its decision, the district court concluded that the registration sticker is part of the "license plate" for purposes of I.C. § 49-428 and that, because the sticker was not clearly visible, Officer LeFave had reasonable suspicion to initiate the stop. Heyden entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)), reserving her right to appeal the denial of her motion to suppress. Heyden appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Heyden argues the district court erred in denying her motion to suppress because Officer LeFave lacked reasonable suspicion to initiate the traffic stop. Heyden contends that, although the registration sticker on her rear license plate was partially obscured by a license plate frame, Idaho

---

[1] On appeal, Heyden does not challenge the district court's conclusion that the statute was not unconstitutionally vague.

law does not require registration stickers to be "clearly visible" under I.C. § 49-428(2). According to Heyden, the final clause of I.C. § 49-428(2) incorporates the display requirements of I.C. § 49-443(4), which governs only the placement and content of registration stickers and does not impose an independent visibility requirement. Because the registration sticker was properly affixed in the statutorily designated location, Heyden maintains she did not violate Idaho law and the stop was unlawful. Heyden further asserts that I.C. §§ 49-428(2) and 49-443(4) must be read together and that the visibility requirement applies only to the license plate itself, not the sticker.

The State responds that the district court correctly denied Heyden's motion to suppress because I.C. § 49-428 unambiguously requires license plates--including registration stickers--to be "clearly visible." The State emphasizes that I.C. § 49-428(1) provides that "license plates" shall include the registration stickers and argues that obstruction of the sticker renders the license plate not clearly visible under I.C. § 49-428(2). According to the State, I.C. § 49-443(4) governs only the issuance, content, and placement of registration stickers and does not exempt them from the visibility requirements imposed on license plates. Because Officer LeFave observed that the registration sticker was not visible due to obstruction by a license plate frame, the State argues he had reasonable suspicion to conduct the traffic stop.

Resolution of this issue requires interpretation of I.C. §§ 49-428 and 49-443. When interpreting statutes, courts do not examine individual provisions in isolation. *State v. Rodriguez*, 174 Idaho 712, 719, 559 P.3d 1199, 1206 (2024). Statutes addressing the same subject matter are construed *in pari materia* and harmonized, when possible, so that they operate as a coherent system. *In re Ord. Certifying Question to Idaho Sup. Ct.*, 167 Idaho 280, 283, 469 P.3d 608, 611 (2020).

Idaho Code § 49-428(1) expressly provides that "license plates together with the registration stickers shall be considered as license plates." This definitional provision establishes that registration stickers are integrated into the concept of "license plates" for purposes of the statute. The legislature's decision to define "license plates" to include registration stickers reflects an intent that the visibility requirements apply to the plate as an integrated whole. Idaho Code § 49-428(2) then imposes several requirements on "[e]very license plate," including that it be "in a place and position to be clearly visible" and "maintained free from foreign materials."

Heyden relies on the final clause of I.C. § 49-428(2), which states that registration stickers "shall be displayed as provided in section 49-443(4)," arguing that registration stickers are governed exclusively by that statute. However, nothing in the text of I.C. § 49-443(4) purports to displace or override the visibility requirements imposed on license plates under I.C. § 49-428(2). Rather, I.C. § 49-443(4) specifies how and where registration stickers are to be affixed and what information they must contain.

Reading I.C. §§ 49-428 and 49-443 together, as we must, the most reasonable interpretation is that I.C. § 49-443(4) governs the manner of affixing the content of the registration stickers, while I.C. § 49-428(2) governs the visibility and display of the license plate, including the registration sticker. This interpretation harmonizes the statutes and gives effect to all statutory language. This Court's decision in *State v. Tregeagle*, 161 Idaho 763, 767, 391 P.3d 21, 25 (Ct. App. 2017), supports this interpretation (holding that partial obstruction of a license plate by a trailer hitch violates I.C. § 49-428(2)'s "clearly visible" requirement). Although *Tregeagle* did not involve a registration sticker, its reasoning applies here because, if a component defined as part of the license plate cannot be seen, the license plate is not "clearly visible" under I.C. § 49-428(2). *See Tregeagle*, 161 Idaho at 767, 391 P.3d at 25.

The district court found that Officer LeFave could not see the registration sticker, aside from a thin strip of color, due to the license plate frame. That factual finding is supported by substantial evidence in the record and is not clearly erroneous. Because a registration sticker is statutorily considered part of the license plate, obstruction of the sticker rendered the license plate not clearly visible under I.C. § 49-428(2). Accordingly, Officer LeFave had reasonable suspicion to believe a traffic violation had occurred, and the district court did not err in denying Heyden's motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Heyden's motion to suppress because Officer LeFave had reasonable suspicion to initiate a traffic stop. Heyden's judgment of conviction for possession of a controlled substance is affirmed.

Judge Pro Tem MELANSON, **CONCURS**.

4

Judge LORELLO, **DISSENTING**.

Because I disagree with the majority's interpretation of I.C. § 49-428, I respectfully dissent.

The suppression issue in this case turns on the interpretation of I.C. § 49-428 and, more specifically, whether the visibility and legibility requirements of the statute include the registration sticker. Idaho Code Section 49-428[1] reads, in relevant part:

> License plates shall be displayed during the current registration year. *The annual registration sticker for the current registration year shall be displayed on each license plate, except for trailers, semitrailers, and commercial vehicles over twenty-six thousand (26,000) pounds under the provisions of [I.C. §§ 49-434 and 49-435].* For the purposes of this title, the license plates together with the registration sticker shall be considered as license plates for the year designated on the registration sticker. . . .
> (2) Every license plate shall at all times be securely fastened to the vehicle to which it is assigned to prevent the plate from swinging, be at a height not less than twelve (12) inches from the ground, measuring from the bottom of the plate, be in a place and position to be clearly visible, and be maintained free from foreign materials and in a condition to be clearly legible.

(Emphasis added). Heyden argues that the display requirements set forth in Subsection (2) above do not apply to the registration sticker that was statutorily required to be affixed in the lower right-hand corner of the license plate pursuant to I.C. § 49-443(4).[2] I agree.

In my view, the requirement that a registration sticker must be affixed to a license plate to "be considered as [a] license plate[] for the year designated on the registration card" (I.C. § 49-428(1)) does not mean the other requirements in I.C. § 49-428(2) relate to the registration sticker itself. A plain understanding of the requirements in the statute illustrates the point. For example, the requirement that the *license plate* be "securely fastened" to "prevent the plate from swinging" has nothing to do with the registration sticker. The intent of I.C. § 49-428(2), as reflected in its language, is that law enforcement (and potentially others) can ascertain whether the license plate matches the "vehicle to which it is assigned" and determine other information about the vehicle. These purposes are accomplished by the ability to see the license plate number, not the registration

---

[1]    This code section was amended in 2026 to eliminate the italicized language referring to the registration sticker. As of July 1, 2026, registration stickers are no longer required.

[2]    Like I.C. § 49-428, I.C. § 49-443(4) was amended in 2026 to reflect the elimination of a registration sticker requirement.

5

sticker. The ability to see the registration sticker adds nothing to the inquiry because it provides no information that cannot otherwise be obtained from the license plate number itself. This interpretation is consistent with I.C. § 49-443(1), which provides that the "required letters and numbers" on a license plate "shall be of sufficient size to be plainly readable from a distance of seventy-five (75) feet during daylight." This requirement does not apply to the registration sticker, revealing the lack of importance of the sticker as it pertains to visibility and legibility requirements in I.C. § 49-428(2).

Based on the foregoing interpretation of I.C. § 49-428(2), I would conclude that the officer did not have reasonable suspicion to conduct a traffic stop of Heyden's vehicle for a registration sticker that was partially obscured by the license plate frame.

6